BERANEK, Judge.
The wife appeals a final judgment of dissolution of marriage. Before their marriage, the wife worked as the husband’s executive secretary at two TV stations for nine years. Subsequently, the husband started an advertising business, and the wife came to work for him performing typing, shorthand, bookkeeping, and receptionist duties. When the parties married, the wife ceased drawing a salary. All profits from the enterprise went to the parties’ joint savings account and were used to buy investment properties. Also prior to marriage, the parties purchased a restaurant. The husband contributed $10,000 and the wife invested $5,000 in cash, with an agreement to satisfy the remainder in time and services at the restaurant. All evidence indicates that this was an equal partnership and, when the restaurant was sold after the marriage, the proceeds were split equally and reinvested. For the first four months of marriage, the couple resided in a house held by the wife. The house was later sold for $30,000, which was placed in their joint bank account and later invested in property. After nine years of marriage, the husband filed a petition for dissolution against the wife. The wife filed an answer and counter-petition claiming special equity in the husband’s one-half interest in certain jointly held property and in her husband’s advertising business. The final judgment awarded the wife rehabilitative alimony and a $15,000 special equity in the joint assets. The wife’s claim for special equity in her husband’s business was denied.
On appeal the wife asserts that she was entitled to a special equity or lump sum alimony interest in the husband’s business and that her two-year alimony award was insufficient. We find these issues to have been within the discretion of the court and decline to interfere. Canakaris v. Canamaris, 382 So.2d 1197 (Fla.1980).
The wife also contends that the court erred in granting her only a $15,000 special equity. The parties stipulated that as to all joint assets the wife had a special equity of $30,000 by virtue of the sale of her house, and the husband had a special equity of $5,000 from an inheritance. This left the wife with a special equity of $25,-000. The court then reduced this to $15,000 by viewing the husband’s $10,000 contribution toward the restaurant as a special equity. We regard the award of this $10,000 special equity as error. As stated above, the husband and wife were equal partners in the restaurant. The husband contributed cash and the wife contributed her time and services and a lesser amount of cash. The proceeds were split equally and reinvested in joint property and we find it was error to give the husband a $10,000 special equity and ignore the wife’s corresponding special equity. The wife is entitled to a total special equity of $25,000. The matter is remanded for entry of a judgment awarding the additional special equity.
REVERSED AND REMANDED.
DELL, J., and SCHWARTZ, ALAN R., Associate Judge, concur.